George W. THORNTON

v.

CHRYSLER CORPORATION.

Civ. No. K–82–3320.

United States District Court, D. Maryland.

Aug. 25, 1983.

George W. Thornton, plaintiff, pro se.

Fenton L. Martin and Clapp, Somerville, Honemann & Beach, Baltimore, Md., for defendant.

MEMORANDUM AND ORDER

FRANK A. KAUFMAN, Chief Judge.

Plaintiff, proceeding *pro se*, desires the within case to be transferred from this Court to the United States District Court for the District of Delaware. Defendant has no objection to the same. Plaintiff has requested this Court to determine, prior to such transfer, whether plaintiff has timely instituted the within case. For reasons set forth *infra* this Court agrees that such transfer is appropriate but declines to rule upon the issue of timeliness of filing by plaintiff prior to such transfer and leaves such issue for determination by the United

States District Court for the District of Delaware, as the transferee Court.

■ The within transfer is made pursuant to 28 U.S.C. § 1406(a). It may well be that such transfer may not be made by a district court unless such court possesses subject matter jurisdiction. *See Corke v. Sameiet M.S. Song of Norway,* 572 F.2d 77, 79 n. 6 (2d Cir.1978); *cf. Goldlawr v. Heiman,* 369 U.S. 463, 466, 82 S.Ct. 913, 915, 8 L.Ed.2d 39 (1962). *See also* 15 Wright, Miller & Cooper, Federal Practice and Procedure § 3827, p. 170 and cases cited at n. 4. Herein, for purposes of this Memorandum and Order, it is assumed, that this Court requires subject matter jurisdiction in order to be able to determine whether transfer of the within case should take place. As to personal jurisdiction, this Court does have personal jurisdiction over the defendant. However, in any event, the absence of personal jurisdiction would not deprive this Court of the power to transfer pursuant to 28 U.S.C. 1406(a). *Goldlawr v. Heiman,* 369 U.S. at 466, 82 S.Ct. at 915. *See Corke v. Sameiet,* 572 F.2d at 78–79; 15 Wright, Miller & Cooper § 3827.

■ By its own terms, 28 U.S.C. § 1406(a) permits transfer by a court lacking venue. Herein venue is lacking. Section 2000e–5(f)(3) of Title 42, U.S.C., provides that an action under Title VII "may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice ...." In the within case, the judicial district in which the alleged unlawful employment practice allegedly occurred and in which the employment records are allegedly maintained, and the judicial district in which plaintiff would have worked but for the alleged unlawful employment practice, is the District of Delaware. Conversely, there is an absence of any such Maryland orientation.

■ Returning to the question of subject matter jurisdiction, it is to be noted that defendant contends that plaintiff did not timely institute the within case within the provisions of 42 U.S.C. § 2000e–5(f)(1). There are some indications in the case law that failure of a plaintiff timely to file a charge on the administrative level with the Equal Employment Opportunity Commission within the provisions of 42 U.S.C. § 2000e–5(e) or failure of a plaintiff timely to institute a case in federal district court within the provisions of 42 U.S.C. § 2000e–5(f)(1) deprives a federal district court of subject matter jurisdiction. That question, however, was determined to the contrary, insofar as it relates to filing on the administrative level pursuant to 42 U.S.C. § 2000e–5(e), by the Supreme Court in *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). The rationale of *Zipes* has been extended to subsection (f)(1) by the Fifth, D.C., and Eighth Circuits. *See Pinkard v. Pullman-Standard,* 678 F.2d 1211, 1215–19 (5th Cir.1982) (per curiam), *cert. denied,* —— U.S. ——, 103 S.Ct. 729, 74 L.Ed.2d 954 (1983); *Gordon v. National Youth Work Alliance,* 675 F.2d 356, 359–60 (D.C.Cir. 1982); *Thomas v. KATV Channel 7,* 692 F.2d 548, 549 n. 2 (8th Cir.1982) (per curiam), *cert. denied,* —— U.S. ——, 103 S.Ct. 1431, 75 L.Ed.2d 790 (1983). While the Fourth Circuit has seemingly not addressed that question in the wake of *Zipes,* it has in several cases made determinations concerning whether plaintiffs have timely filed either at the administrative or district court levels, by application of equitable principles. That would appear to indicate that the Fourth Circuit has not considered such failures timely to file as depriving the federal district court of subject matter jurisdiction. *See, e.g., Harper v. Burgess,* 701 F.2d 29 (4th Cir.1983); *Stebbins v. Nationwide Mutual Insurance Co.,* 469 F.2d 268, 269 (4th Cir.1972), *cert. denied,* 410 U.S. 939, 93 S.Ct. 1403, 35 L.Ed.2d 606 (1973). *Cf. Greene v. Whirlpool Corp.,* 708 F.2d 128 at 130 (4th Cir.1983) (Hall, J.) (applying *Zipes* to the time provision of the Age

Discrimination in Employment Act). The same approach would appear indicated in *Hart v. J.T. Baker Chemical Co.,* 598 F.2d 829 (3rd Cir.1979).

Accordingly, this Court concludes that it possesses subject matter jurisdiction and hereby transfers the within case, pursuant to 28 U.S.C. § 1406(a), to the United States District Court for the District of Delaware, and directs the Clerk of this Court to effect that transfer.