**Joseph ULMAN**

v.

**BOULEVARD ENTERPRISES, INC.**
**a/k/a Car Wash City.**

**Civ. No. K–86–644.**

United States District Court,
D. Maryland.

June 20, 1986.

---

**814**

Michael H. Simons and Wartzman, Rombro, Omansky, Blibaum & Simons, P.A., Baltimore, Md., for plaintiff.

John F. Wiley, Baltimore, Md., for defendant.

FRANK A. KAUFMAN, Senior District Judge.

Plaintiff, Joseph Ulman, a citizen of the State of Maryland, has instituted the within suit alleging that on November 3, 1984, he, as a pedestrian, was injured in Richmond, Virginia when he was negligently struck by an automobile operated by one of defendant's employees. Plaintiff seemingly asserts subject matter jurisdiction pursuant to 28 U.S.C. § 1332, against the single defendant, which is alleged to be "a corporation duly organized and existing under any (*sic*)[1] by virtue of the laws of Virginia."[2] Defendant has moved to dismiss,[3] alleging lack of personal jurisdiction and venue and, in the alternative, seeking transfer "to the applicable United States District Court for the District of Virginia pursuant to 28 U.S.C. § 1404(a)."[4] Attached to defendant's motion to dismiss is an affidavit of the president of the corporate defendant stating that defendant is incorporated under the laws of Virginia, operates a single place of business at a named address in Richmond, Virginia, and has no other office or place of business other than the named location in Richmond, Virginia. In response to defendant's motion to dismiss, plaintiff, while contending that both personal jurisdiction and venue are present, seeks, in the alternative, transfer to the "Federal District Court for the District of Virginia."[5]

---

**1.** Apparently, the use of the word "and," not "any," is intended.

**2.** Complaint, p. 1, ¶ SECOND, filed February 26, 1986 (document # 1 in official court file).

**3.** While defendant's motion to dismiss is accompanied by an affidavit of the president of the corporate defendant, the said motion is nevertheless appropriately treated as a motion to dismiss under Federal Civil Rule 12(b)(2) for lack of jurisdiction over the person and under Federal Civil Rule 12(b)(3) for improper venue, and not as a summary judgment motion under Federal Civil Rule 56, as would be the case if the

motion to dismiss were stated, for failure to state a claim upon which relief can be granted, pursuant to Federal Civil Rule 12(b)(6). *See* Judge Friendly's analysis in *Exchange National Bank of Chicago v. Touche Ross & Co.*, 544 F.2d 1126, 1130–31 (2d Cir.1976).

**4.** Memorandum in Support of Motion to Dismiss, p. 4, filed May 27, 1986 (document # 4 in official court file).

**5.** Answer to Defendant's Motion to Dismiss, p. 2, filed May 30, 1986 (document # 6 in official court file).

Plaintiff apparently bases its contention concerning the presence of personal jurisdiction over the defendant upon Maryland's long arm statute, Md.Cts. & Jud.Proc.Code Ann. § 6–103(b)(4) (1984 Repl.Vol.), which extends long arm coverage when tortious injury occurs outside the State of Maryland if the defendant "regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State." In the aforementioned affidavit filed by defendant in support of its motion to dismiss, the president of defendant corporation has stated that defendant "does not do any business in Maryland, does not solicit any business in the State of Maryland, does not own or lease any property in the State of Maryland, does not conduct any advertising in the State of Maryland and maintains no bank accounts in the State of Maryland." [6] Those factual assertions are not controverted by plaintiff. Accordingly, Maryland's long arm statute is not applicable herein and personal jurisdiction over the defendant is absent.

Venue is, however, not so absent since plaintiff is a citizen of Maryland. With regard to defendant, as Judge Pollak has written in *Strick Corp. v. A.J.F. Warehouse Distributors, Inc.,*

> [c]ontrary to defendant's contention, in cases based solely on diversity of citizenship, venue is available either in the district where "all plaintiffs [reside]" *or* where "all defendants reside" *or* where "the claim arose." 28 U.S.C. § 1391(a). In such cases, section 1391(c) does not impose venue requirements more restrictive than the alternative bases set forth in section 1391(a); instead, it simply provides an expanded definition of a corporate defendant's "residence" which may be relied upon when venue is sought to be established on the basis of the residence of all defendants under section 1391(a).

532 F.Supp. 951, 961 (E.D.Pa.1982) (emphasis in original; citations omitted). *See also* 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3811, at 103–04 (2d ed. 1986).

■ Where personal jurisdiction is lacking but venue is present, the original forum court has the authority to transfer pursuant to and in accordance with 28 U.S.C. § 1404(a), provided, of course, that subject matter jurisdiction exists in the original forum court.[7] As to section 1404(a), *see Viaggio v. Field,* 177 F.Supp. 643, 644 (D.Md.1959); as to section 1406(a), *see Thornton v. Chrysler Corp.,* 581 F.Supp. 84, 85 (D.Md.1983). *See also* as to both 28 U.S.C. §§ 1404(a) and 1406(a); 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3844, at 332–33 (2d ed. 1986).

■ In the within case, the complaint, as indicated *supra,* does not allege the state or states of which defendant is a citizen. A corporation, for diversity purposes, is a citizen of both the state in which it is incorporated and in which its principal place of business is located. *See* 28 U.S.C. § 1332(a) and (c). The complaint does allege that plaintiff is a citizen of the State of Maryland and that defendant is a Virginia corporation. The aforementioned affidavit of the president of the corporate defendant does establish that defendant is a Virginia corporation with not only its principal place, but its only place, of business in Richmond, Virginia. Accordingly, the total record in this case establishes beyond any question the existence of diversity jurisdiction. While Federal Civil Rule 8(a)(1) re-

---

**6.** Affidavit of Joseph E. Baldacci, Jr., ¶ 4, dated April 14, 1986, filed May 27, 1986 (document # 5 in official court file).

**7.** While transfer may also be possible under section 1406(a) despite the presence of venue, the better view would appear to be that transfer should take place under section 1404(a) rather than section 1406(a) when venue is present and personal jurisdiction is absent. *See* 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3827 (2d ed. 1986). *See also* Judge Rubin's full discussion in *Liaw Su Teng v. Skaarup Shipping Corp.,* 743 F.2d 1140, 1147–48 (5th Cir.1984); *Miles v. Charles E. Smith Companies,* 404 F.Supp. 467 (D.Md.1975).

quires "a short and plain statement of the grounds upon which the court's jurisdiction depends," this Court has "not been put to great effort to ascertain the matters upon which the jurisdiction depends and see[s] no point in requiring the [plaintiff] to further amend." *Arndt v. Bank of America,* 48 F.Supp. 961, 964 (N.D.Cal.1943). *See also Fawvor v. Texaco, Inc.,* 387 F.Supp. 626, 628 (E.D.Tex.1975), *rev'd and remanded on other grounds,* 546 F.2d 636 (5th Cir.1977); 5 C. Wright and A. Miller, *Federal Practice and Procedure* § 1214, at 107 (1969).

There are two federal districts in the State of Virginia, the Eastern District of Virginia and the Western District of Virginia. In the memorandum in support of defendant's alternative motion, defendant asks for transfer "to the applicable United States District Court for the District of Virginia." It would seem clear that the within transfer should be to the United States District Court for the Eastern District of Virginia since defendant's only place of business is in Richmond, Virginia which lies within the Eastern District. In the absence of personal jurisdiction over defendant and in view of the fact that the alleged accident took place in Richmond, Virginia and that the substantive law of Virginia is seemingly applicable, there seems no question but that this is an appropriate case for transfer from the District of Maryland to the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a), the transfer statute which is available when venue is present, as it is herein.[8] This Court is today entering an appropriate transfer Order.

---

**8.** Since the defendant is a Virginia corporation with its only place of business in Richmond, Virginia, and since the alleged accident took place in Richmond, Virginia, the within case "might have been brought" in the Eastern District of Virginia. *See* 28 U.S.C. § 1404(a).