**Carroll PORTER; Lillian Porter, Plaintiffs–Appellants,**

v.

**Robert L. GROAT, Defendant–Appellee.**

**No. 87–3546.**

United States Court of Appeals, Fourth Circuit.

Argued Jan. 6, 1988.

Decided March 2, 1988.

---

256

Elwood Earl Sanders, Jr., Woodbridge, Va., for plaintiffs-appellants.

Joseph Veith (Stephen L. Altman, Donahue, Ehrmantraut & Montedonico, Fairfax, Va., on brief), for defendant-appellee.

Before WINTER, Chief Judge, and PHILLIPS and MURNAGHAN, Circuit Judges.

HARRISON L. WINTER, Chief Judge.

Lillian Porter and her husband sued Dr. Robert L. Groat alleging medical malpractice in eye surgery he performed on Mrs. Porter in North Carolina on January 6, 1981 which resulted in permanent injury. The suit was filed in the Eastern District of Virginia where the Porters reside. Dr. Groat resides in North Carolina. In 1984, the Porters had sued Dr. Groat in a state court in North Carolina, but they voluntarily dismissed the suit on January 29, 1986, pursuant to N.C. Rules Civ.Proc. 41(a).

Dr. Groat moved to dismiss the district court action on the ground that the law of Virginia applied, and under Virginia law, the entire suit was barred by limitations.[1] He also moved for dismissal of Mr. Porter's claim for loss of consortium (Count Two of the complaint), because it was not a claim recognized by Virginia law. Dr. Groat also contested personal jurisdiction over him, and the Porters countered with a motion to transfer the case to the Eastern District of North Carolina pursuant to 28 U.S.C. § 1406.

The district court did not reach the issue of jurisdiction,[2] but instead ruled that the entire suit was barred by Virginia's two-year statute of limitations and, since venue was proper in the Eastern District of Virginia, it declined to transfer the case to North Carolina. It therefore dismissed the case.

The Porters appeal. They do not contest the district court's conclusion that their

1. Va. Code § 8.01–243 A requires a suit for medical malpractice to be filed within two years after the cause of action accrues.

2. Va.Code § 8.01–328.1 establishes when jurisdiction over a person may be exercised. Based on the facts presented by the record and briefs, it appears unlikely that jurisdiction could be maintained over Dr. Groat in Virginia.

action was time-barred in that court. But, pointing out that jurisdiction and venue would be proper in the Eastern District of North Carolina, and that a district court in North Carolina would apply the North Carolina statute of limitations to the end that their suit would not be time-barred there,[3] they appeal the judgment to transfer the case.

We reverse and direct that the case be transferred.

## I.

The statute under which plaintiffs sought the transfer, 28 U.S.C. § 1406(a), provides:

The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Venue did lie in the Eastern District of Virginia because jurisdiction was grounded on diversity of citizenship and the requisite amount in the controversy, and plaintiffs resided in that district. *See* 28 U.S.C. § 1391(a). By the same token, venue would also lie in the Eastern District of North Carolina because Dr. Groat resided in that district.

 The district court read the statute to permit a transfer only where the impediment to a decision on the merits by the court in which the case was filed was an absence of venue. Thus since venue in the Eastern District did lie, the court concluded it lacked authority to transfer. If we were applying the statute as a matter of first impression, we would agree that the district court correctly interpreted it. But § 1406(a) has been read more expansively by other courts. In essence they read "wrong division or district" to mean an impediment to a decision on the merits for some reason other than a mere lack of venue. We have not heretofore decided the issue, but the expansive reading has existed for over twenty years, and, significant-

ly, Congress has not seen fit to disavow it. As we have said, § 1406(a) has been interpreted to authorize broad remedial relief where there are impediments to an adjudication on the merits, and has not been limited to instances where the only impediment is lack of venue. We decide to align ourselves with those jurisdictions giving § 1406(a) a broad construction where, as here, suit would not be barred by limitations if brought in the district of defendant's residence, but would be barred in the district where brought.

The judicial interpretation of § 1406(a) began with *Goldlawr v. Heiman,* 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962), where the Court reversed a Second Circuit refusal to transfer an action in which both jurisdiction and venue were improper. In a companion case, *Hohensee v. News Syndicate Inc.,* 369 U.S. 659, 82 S.Ct. 1035, 8 L.Ed.2d 273 (1962), where venue had been proper, but jurisdiction could not be maintained over the defendant, the Court vacated and remanded the decision "in light of" *Goldlawr.*

In *Goldlawr,* Justice Black described 28 U.S.C. § 1406 as an equitable remedy for technical mistakes which "impede an expeditious and orderly adjudication of cases and controversies on their merits." *Id.,* 369 U.S. at 466–67, 82 S.Ct. at 916. He refused to narrow the reach of § 1406 when it contained no language to exclude transfer where jurisdiction could not be obtained.

Although the Court in *Goldlawr* did not broaden § 1406, nevertheless, beginning with *Dubin v. United States,* 380 F.2d 813 (5 Cir.,1967), *Goldlawr* has become the basis for interpreting § 1406 to afford broad remedial relief. *Dubin* was a case in which the government could not obtain personal jurisdiction over the defendant in the district in which it sued. The Fifth Circuit concluded "that a district is 'wrong' within the meaning of § 1406 whenever there exists an 'obstacle [to] ... an expeditious and orderly adjudication' on the merits. Inability to perfect service of process on a defendant in an otherwise correct venue is such

---

**3.** N.C. Gen.Stat. § 1–15(c) fixes a three-year period of limitations for a medical malpractice suit. N.C. Rules Civ.Proc. 41(a) permit a dismissal up to the time that a plaintiff rests his

case and authorize any action so dismissed which had been filed before limitations barred the suit to be refiled within one year after the dismissal.

an obstacle." *Id.* at 815, (*quoting Goldlawr,* 369 U.S. at 466–67, 82 S.Ct. at 915–16). Three circuits have followed *Dubin.* See *Corke v. Sameiet M.S. Song of Norway,* 572 F.2d 77, 79–80 (2 Cir.1978) (impediment to adjudication on the merits was lack of personal jurisdiction and limitations to be applied in transferor court); *Taylor v. Love,* 415 F.2d 1118 (6 Cir.1969), *cert. denied,* 397 U.S. 1023, 90 S.Ct. 1257, 25 L.Ed.2d 533 (1970) (lack of personal jurisdiction); *Mayo Clinic v. Kaiser,* 383 F.2d 653 (8 Cir.1967) (lack of personal jurisdiction). *Mayo Clinic* asserted that *Goldlawr* "teaches ... that § 1406(a) should be construed wherever possible to remove procedural obstacles which would prevent an expeditious and orderly adjudication" of the plaintiff's substantive claim. *Id.* at 654.

Two other circuits have cited *Dubin* with approval, although neither has applied it. See *Manley v. Engram,* 755 F.2d 1463, 1467 n. 8 (11 Cir.1985); *Sinclair v. Kleindienst,* 711 F.2d 291, 293–94 (D.C. Cir.1983) (transfer ordered where lack of personal jurisdiction, and refiling in transferee district court would be barred by limitations).

Only the Ninth Circuit has implied that it might not follow the *Dubin* decision, although it has never expressly rejected it. See *Allen v. Greyhound Lines, Inc.,* 656 F.2d 418, 423 n. 3 (9 Cir.1981).

While we have never squarely discussed or decided the issue, in *O'Neal v. Hicks Brokerage Co.,* 537 F.2d 1266 (4 Cir.1976), we ruled that a defendant's contacts with the forum state of South Carolina were too attenuated to sustain in personam jurisdiction, although venue lay in South Carolina. Significantly, we remanded the action "to afford appellants an opportunity to move for transfer of the case to a district where it could have been brought." *Id.* at 1268, citing *Goldlawr, Dubin,* and their progeny. See also *Chung v. NANA Development Corp.,* 783 F.2d 1124, 1130 (4 Cir.) *cert. denied,* —— U.S. ——, 107 S.Ct. 431, 93 L.Ed.2d 381 (1986); and *City of Virginia Beach v. Roanoke River Basin Association,* 776 F.2d 484, 488–89 (4 Cir.1985).

On these authorities we adopt as the rule in this circuit the reading of § 1406(a) that authorizes the transfer of a case to any district, which would have had venue if the case were originally brought there, for any reason which constitutes an impediment to a decision on the merits in the transferor district but would not be an impediment in the transferee district. Specifically in the instant case, we read § 1406(a) to authorize the transfer to the Eastern District of North Carolina when the statute of limitations would bar adjudication on the merits in the Eastern District of Virginia but not in the Eastern District of North Carolina.

Because we perceive it to be "in the interest of justice" for plaintiffs to have their day in court in North Carolina and we perceive no weighty countervailing reasons to deny transfer, we direct the district court on remand to grant the motion to transfer.

## II.

In the light of our conclusion regarding transfer, we have no occasion to rule on plaintiffs' contention that the Virginia district court may not constitutionally apply Virginia's statute of limitations to bar their claim when the alleged malpractice was committed in North Carolina by a North Carolina defendant.

REVERSED AND REMANDED WITH INSTRUCTIONS.