850 F.2d 690
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Bruce ROBERTSON; Janet Robertson, Plaintiffs-Appellants,
v.
John E. NORTHCUTT; Northcutt, Raley, Clark & Gardner,
Defendants-Appellees.
 No. 87-1730.
 United States Court of Appeals, Fourth Circuit.
 Argued: April 8, 1988.
Decided: June 23, 1988.
 
 D.Md.
 REVERSED AND REMANDED.
 
 
 1
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frederic N. Smalkin, District Judge. (CA-87-1588-S)
 
 
 2
 Bruce Michael Bender (Van Grack, Axelson & Williamowsky, on brief), for appellants.
 
 
 3
 Wendy Lozinsky Shiff (Robert H. Bouse, Jr., Anderson, Coe & King, on brief), for appellees.
 
 
 4
 Before WILKINS, Circuit Judge, BUTZNER, Senior Circuit Judge, and RICHARD L. WILLIAMS, United States District Judge for the Eastern District of Virginia, sitting by designation.
 
 BUTZNER, Senior Circuit Judge:
 
 5
 Bruce and Janet Robertson appeal from an order of the district court dismissing their malpractice action for lack of personal jurisdiction. The Robertsons also appeal from the district court's order refusing to transfer the case to the Western District of Oklahoma pursuant to 28 U.S.C. Sec. 1406(a). Because we conclude that the district court should have transferred the case, we reverse and remand with instructions that the case be transferred under section 1406(a).
 
 
 6
 * During 1981 and 1982, the Robertsons lived in Ponca City, Oklahoma, where they owned the contents of the Pioneer Bowl. In December 1982, fire destroyed the Pioneer Bowl. The Robertsons filed a proof of loss but their insurance company refused to honor it. The Robertsons then hired John E. Northcutt, an attorney in Ponca City, to file suit against the insurance company on their behalf. Northcutt filed suit on May 6, 1983, in state court in Oklahoma. During May 1983, the Robertsons moved to Maryland and have lived in Maryland ever since.
 
 
 7
 On June 21, 1985, Northcutt voluntarily dismissed the Robertsons' suit in Oklahoma without prejudice. The suit was not reinstated during the following year as permitted by Oklahoma law. As a result of this one-year lapse, the Robertsons' claim against the insurance company was barred.
 
 
 8
 On June 19, 1987, the Robertsons filed a malpractice action against Northcutt and his law firm in the United States District Court for the District of Maryland. The Robertsons alleged that Northcutt dismissed the Oklahoma suit without their permission. They also complained that Northcutt failed to advise them of the dismissal until after the one-year reinstatement period had passed. Northcutt filed a motion to dismiss for lack of personal jurisdiction. The Robertsons disputed the absence of jurisdiction and moved to transfer the case to the United States District Court for the Western District of Oklahoma pursuant to 28 U.S.C. Sec. 1406(a) in the event that the court determined that it had no personal jurisdiction over Northcutt.
 
 
 9
 On October 2, 1987, the district court--without a hearing and without permitting discovery--granted Northcutt's motion to dismiss for lack of personal jurisdiction. The district court also denied the Robertsons' motion for transfer, holding that proper venue in the transferor court was an impediment to transfer under section 1406(a).
 
 
 10
 The Robertsons moved to alter or amend the judgment, contending that a district court may order transfer pursuant to section 1406(a) even when venue is proper. Alternatively the Robertsons sought a transfer pursuant to section 1404(a) (forum non conveniens). The Robertsons argued that the interest of justice required a transfer because dismissal might result in a statute of limitations bar to their negligence claim against Northcutt. The district court denied this motion without a hearing, holding that the interest of justice would not be served by allowing "tolling of limitations by the filing of a complaint in a court where not even a marginally plausible argument in support of jurisdiction could be made."
 
 II
 
 11
 Assuming without deciding that the district court properly held that it lacked personal jurisdiction over Northcutt, we proceed to address the question whether the court should have transferred the case under 28 U.S.C. Sec. 1406(a). The Robertsons contend that the district court's refusal to transfer the case--despite the potential bar of the statute of limitations and the clear availability of proper personal jurisdiction and venue in Oklahoma--constituted an abuse of discretion.
 
 
 12
 Title 28 U.S.C. Sec. 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Even though venue is proper, a district court is empowered to transfer a case to another district where the defendant can be served with process. In Porter v. Groat, 840 F.2d 255, 258 (4th Cir.1988), we stated:
 
 
 13
 [W]e adopt as the rule in this circuit the reading of Sec. 1406(a) that authorizes the transfer of a case to any district, which would have had venue if the case were originally brought there, for any reason which constitutes an impediment to a decision on the merits in the transferor district but would not be an impediment in the transferee district.
 
 
 14
 The Supreme Court has concluded that section 1406(a) reflects a congressional purpose in favor of transferring cases when procedural obstacles "impede an expeditious and orderly adjudication of cases and controversies on their merits." Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466-67 (1962). This case presents such an obstacle, for the district court's order of dismissal could result in the Robertsons losing their negligence claim against Northcutt as time-barred. A majority of federal courts have recognized that it is in the interest of justice to transfer a case rather than dismiss when refiling in the proper court would be barred by the applicable statute of limitations. See Burnett v. New York Central Railroad Co., 380 U.S. 424, 430 (1965); Goldlawr, 369 U.S. at 466-67; Sinclair v. Kleindienst, 711 F.2d 291, 293-94 (D.C.Cir.1983); Internatio-Rotterdam, Inc. v. Thomsen, 218 F.2d 514, 515-17 (4th Cir.1955).
 
 
 15
 The district court nevertheless refused to transfer the Robertsons' case, apparently because it concluded that the Robertsons' actions in filing the complaint in Maryland just before the limitations period arguably ended somehow constituted an abuse of the process of the federal courts. The record contains no evidence, however, suggesting that the Robertsons acted in bad faith or affirmatively abused the process of the federal courts by filing their complaint in the District of Maryland. Absent such circumstances, the usual procedure for a district court faced with a potential limitations problem should be to transfer the case rather than dismiss. See 15 Wright, Miller & Cooper, Federal Practice and Procedure, Sec. 3827, at 268-74 (1986). As the Supreme Court recognized in Goldlawr:
 
 
 16
 When a lawsuit is filed, that filing shows a desire on the part of the plaintiff to begin his case and thereby toll whatever statutes of limitation would otherwise apply. The filing itself shows the proper diligence on the part of the plaintiff which such statutes of limitation were intended to insure.
 
 
 17
 369 U.S. at 467.
 
 
 18
 We conclude that the district court should have transferred the Robertsons' case pursuant to section 1406(a). We find it unnecessary to determine whether the defendant could be served with process in Maryland because, even if service could be obtained, transfer pursuant to section 1404(a) will also serve the interests of justice. The judgment of the district court is reversed, and the case is remanded with instructions that the district court transfer it to the United States District Court for the Western District of Oklahoma.
 
 
 19
 REVERSED AND REMANDED.