UNITED STATES of America, Plaintiff

v.

The **REAL PROPERTY AND PREMISES KNOWN AS 349 SOUTH 4TH AVENUE, MOUNT VERNON, NEW YORK 10550, Defendant.**

**Civ. A. No. 91–1688–A.**

United States District Court,
E.D. Virginia,
Alexandria Division.

May 4, 1992.

Gordon D. Kromberg, Asst. U.S. Atty., Alexandria, Va., for U.S.

Alan Steven Shachter, Manassas, Va., for Robinson.

## MEMORANDUM OPINION [1]

ELLIS, District Judge.

### Introduction

This is a civil forfeiture action pursuant to 21 U.S.C. § 881. Venue is disputed. At issue is whether the property, known as 349 South 4th Avenue, Mount Vernon, New York 10550, is "property of the defendants" under the expanded venue provision of the civil forfeiture statute, 21 U.S.C. § 881(j), such that the government may proceed with the forfeiture action in this district, where the defendants were criminally prosecuted, rather than in New York, where the property is located. Because defendants have no right, title, or interest in the home, it is not "property of the defendants" and hence, venue is not proper in this district.

**1.** This Memorandum Opinion revises the Court's Memorandum Opinion issued on April 22, 1992.

**2.** The Robinson brothers were convicted of all charges against them with the exception of one crack distribution count against Anthony Robinson, which was dismissed.

**3.** Section 881(a)(6) states:
    The following shall be subject to forfeiture to the United States and no property right shall exist in them:

### Facts

In May 1991, a grand jury in this district issued a twenty-one count indictment charging brothers Anthony and Cleveland Robinson and six others with (i) conspiracy to distribute cocaine, (ii) distributing more than fifty grams of crack cocaine, and (iii) engaging in a continuing criminal enterprise from which they obtained substantial income and resources, all in violation of 21 U.S.C. §§ 841, 846, 859, & 860. On July 24, 1991, Anthony and Cleveland Robinson were each found guilty by a jury in this district of virtually all charges against them [2] and both were subsequently sentenced to life in prison without parole. In essence, the Robinson brothers were convicted of managing and organizing a continuing criminal enterprise from February 1990 to April 11, 1991. In their roles as managers and supervisors, they travelled frequently to New York City to purchase large quantities of crack cocaine, which they and members of their criminal enterprise then transported and resold in the Northern Virginia area.

Following the Robinson brothers' conviction, the government filed a complaint in this district seeking forfeiture of the subject property, pursuant to 21 U.S.C. § 881(a)(6) & (7). The complaint alleges (i) that the property constituted proceeds traceable to exchanges of controlled substances in violation of 21 U.S.C. §§ 801–904, and (ii) that the property was used to facilitate the commission of a felony under 21 U.S.C. §§ 841, 846, 859, & 860 that is punishable by more than one year's imprisonment. More specifically, the government alleges that the property is subject to forfeiture under § 881(a)(6) [3] because the Rob-

    All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this subchapter, all proceeds traceable to such an exchange, ... used or intended to be used to facilitate any violation of this subchapter, except that no property shall be forfeited under this paragraph, to the extent of the interest of an owner, by reason of any act or omission established by that owner to have

inson brothers used drug proceeds to pay city taxes on the property in 1990 and 1991, and to pay the final $700 mortgage payment on the property in April 1991. And with respect to § 881(a)(7),[4] the government alleges that the property is subject to forfeiture because Anthony and Cleveland Robinson used the property as their base of operations in New York to package, store and distribute cocaine, and to store and distribute drug proceeds.

The complaint for civil forfeiture of the New York property was filed by the government in this district under the expanded venue provision of the civil forfeiture statute, § 881(j), which provides that "in the case of property of a defendant charged with a violation that is the basis for forfeiture of the property under this section, a proceeding for forfeiture under this section may be brought in the judicial district ... in which the criminal prosecution is brought." § 881(j). The defendant property, however, is located in the Southern District of New York. Janie M. Robinson, title owner of the property and mother of the convicted Robinson brothers, has filed a claim to the property and raised the issue of proper venue. Ms. Robinson alleg-

es that venue in this district is not proper under § 881(j) because the subject property is not "property of [the] defendant[s]". In support of this contention, Ms. Robinson states that she purchased the property from the City of Mount Vernon, New York, in February 1985, and currently resides in the home with one of her children, one tenant and the tenant's four children. Anthony and Cleveland Robinson have never lived with her at this address. In light of these facts, Ms. Robinson argues that the forfeiture action should be transferred to the Southern District of New York where the defendant property is located and where venue is proper under 28 U.S.C. § 1395(b).[5] Moreover, Ms. Robinson, who is disabled and suffers from sickle cell anemia, argues that even if venue is proper in the Eastern District of Virginia, the case should be transferred to the Southern District of New York "[f]or the convenience of parties and witnesses, [and] in the interest of justice." 28 U.S.C. § 1404(a).

### Analysis

■ Proper venue under § 881(j)[6] turns on whether the New York home at issue is the "property of [the] defendant[s]". Al-

---

been committed or omitted without the knowledge or consent of that owner.

**4.** Section 881(a)(7) states:
The following shall be subject to forfeiture to the United States and no property right shall exist in them:
All real property, including any right, title, and interest (including any leasehold interest) ... which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this title punishable by more than one year's imprisonment, except that no property shall be forfeited under this paragraph, to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

**5.** Under 28 U.S.C. § 1395(b) "[a] civil proceeding for the forfeiture of property may be prosecuted in any district where such property is found."

**6.** Section 881(j) states:
In addition to the venue provided for in section 1395 of Title 28 or any other provision of law, in the case of property of a defendant

charged with a violation that is the basis for forfeiture of the property under this section, a proceeding for forfeiture under this section may be brought in the judicial district in which the defendant owning such property is found or in the judicial district in which the criminal prosecution is brought.

The congressional purpose for the expanded venue provisions in § 881(j) was to streamline the civil forfeiture system and to alleviate the government's problem of having to file forfeiture suits in multiple jurisdictions when defendants own property in more than one judicial district. The problem with civil forfeiture without § 881(j) was characterized as follows:
The problem with civil forfeiture [under 28 U.S.C. § 1395] is that even if the same facts that are at issue in a criminal trial are also dispositive of the forfeiture issue, it is still necessary for the government, in addition to the criminal case, to file a separate civil action. And where the property of a defendant, or defendants, in the criminal case is located in more than one judicial district, a separate civil forfeiture suit must be filed in each of these districts.
S.Rep. No. 225, 98th Cong., 1st Sess. 196, 197 (1983), U.S.Code Cong. & Admin.News 1983, pp. 3182, 3379–3380.

though section 881(j) does not specifically define the phrase "property of a defendant", real property subject to forfeiture is defined elsewhere in § 881 as property, "including any right, title, [or] interest ... [that] is used ... to facilitate the commission of a violation of [Title 21]". § 881(a)(7). Given this, and given the sensible principle that terms and phrases in a statute should be given the same meaning throughout the statute, it follows that the phrase "property of a defendant" in § 881(j) means any property in which a defendant has "any right, title, or interest". The precise question presented then is whether the Robinson brothers have any right, title, or interest in the New York home such that it is "property of [the] defendant[s]" under § 881(j).

■ This question appears to be one of first impression in this circuit. Courts elsewhere, however, have addressed a similar issue, namely, whether an owner has any property interest in the subject property for purposes of the "innocent owner" defense to a civil forfeiture proceeding under § 881(a)(7).[7] *See e.g., United States v. Certain Real Prop. Located at 2525 Leroy Lane, West Bloomfield, Mich.,* 910 F.2d 343, 347 (6th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 1414, 113 L.Ed.2d 467 (1991); *United States v. Lot 9, Block 2 of Donnybrook Place, Harris County, Tex.,* 919 F.2d 994, 1000 (5th Cir.1990) (same); *United States v. One Single Family Residence With Out Bldgs. Located at 15621 S.W. 209th Ave., Miami, Fla.,* 894 F.2d 1511, 1518 (11th Cir.1990). In addressing that issue, courts have consistently held that an owner's property interest must be determined by reference to the relevant state laws governing property rights. *See Certain Real Prop. Located at 2525 Leroy Lane,* 910 F.2d at 347 ("We see no language in the civil forfeiture provisions which would mandate the application of a federal common law of property. We conclude that recognition of state laws governing property rights does not contravene the

federal forfeiture scheme, and that the application of state law is the most appropriate method of determining the interest of an innocent owner under 21 U.S.C. § 881(a)(7)."); *Lot 9, Block 2 of Donnybrook Place, Harris County, Texas,* 919 F.2d at 1000 (same); *United States v. Parcel of Real Property Known as 6109 Grubb Rd.,* 890 F.2d 659, 664 & n. 4 (3rd Cir.1989) (Greenberg, J., dissenting from denial of petition for rehearing) (petition for rehearing denied with respect to ruling that "an owner of real property used in narcotics transactions may escape ... civil forfeiture [of her interest] under 21 U.S.C. § 881(a)(7), by establishing either her lack of knowledge or her lack of consent to the property's illicit use;" in dissent, Greenberg noted problems that might arise from the interplay of state property law and federal forfeiture law in determining an owner's interest in property). In this connection, at least one court has specifically held that § 881 contains no express preemption of state law and that a civil proceeding for forfeiture of property is not "an example of a field in which federal regulation or domination excludes all state law." *One Single Family Residence With Out Bldgs.,* 894 F.2d at 1518. Consistent with this sensible authority, the Court concludes that state property law governs whether the Robinson brothers have any right, title, or interest in the defendant property for purposes of determining venue under § 881(j). And because the property at issue is located in New York, that state's law applies. *See El Cid, Ltd. v. New Jersey Zinc Co.,* 575 F.Supp. 1513, 1517 (S.D.N.Y.1983) ("It is well settled that where rights to real property are in issue, the law of the situs of the property control[s].", *aff'd,* 770 F.2d 157 (2d Cir.), *cert. denied,* 474 U.S. 1021, 106 S.Ct. 573, 88 L.Ed.2d 557 (1985).

■ Fundamentally and historically, "property" has been understood as "denot[ing] the group of rights inhering in [a

---

7. Section 881(a)(7) allows an "innocent owner" to protect her interest in real property from forfeiture by establishing either her lack of knowledge or her lack of consent to the illicit use of her property. *See United States v. 141st Street Corp.,* 911 F.2d 870, 878 (2d Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 1017, 112 L.Ed.2d 1099 (1991).

person's] relation to the physical thing, [such] as the right to possess, use and dispose of it." *United States v. General Motors Corp.*, 323 U.S. 373, 378, 65 S.Ct. 357, 359, 89 L.Ed. 311 (1945); *Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419, 435, 102 S.Ct. 3164, 3175, 73 L.Ed.2d 868 (1982). One who bears this relation to the physical thing is considered the "owner" of the property. *General Motors Corp.*, 323 U.S. at 378, 65 S.Ct. at 359. One indicium of ownership is legal title. Here, it is undisputed that Anthony and Cleveland Robinson do not have legal title to the subject property. Instead, title rests with their mother, Ms. Janie Robinson. But Ms. Robinson has more than bare legal title to the property; she also exercises dominion and control over it. *See United States v. One 1982 Porsche 928*, 732 F.Supp. 447, 451 (S.D.N.Y.1990) (bare legal title without dominion and control was insufficient even to establish standing to contest a civil forfeiture) (citing *United States v. One 1945 Douglas C–54 (DC–4) Aircraft*, 604 F.2d 27, 28 (8th Cir.1979)). Ms. Robinson lives in the home with one of her children and she acts as the landlord and collects monthly rent from a tenant whose family also shares her home. These facts plainly establish Ms. Robinson's ownership of the property. Yet they do not, by themselves, exclude the possibility that the Robinson brothers possess some lesser or subordinate interest or right in the property. That possibility must be examined.

At least one court applying New York law has held that forfeitable property rights can exist in someone other than the owner or lessor of property. *See United States v. Leasehold Interest in 121 Nostrand Ave., Apt. 1–C, Brooklyn, N.Y.*, 760 F.Supp. 1015, 1035 (E.D.N.Y.1991). In that case, a woman, the leaseholder to an apartment in a public housing development run by the city of Brooklyn, lived in the apartment with her two adult children, thirteen grandchildren, and two great-grandchildren. *Id.* at 1020–21. One of her grandchildren, Chenelle Smith, allegedly sold crack to an undercover police officer in the apartment. *Id.* at 1023. Following a search of the apartment that revealed substantial quantities of drugs and drug paraphernalia, Chenelle Smith was arrested and indicted. She subsequently pled guilty to attempted sale of cocaine. Thereafter, the government sought forfeiture of the leasehold interest, pursuant to § 881(a)(7), claiming that there was probable cause to believe that the property was used to facilitate the commission of a Title 21 narcotics crime punishable by more than one year's imprisonment. *Id.* at 1024. Ultimately, the court found that the leasehold interest was exempt from forfeiture because the leaseholder proved to be an "innocent owner" under § 881(a)(7). *Id.* at 1032–33. But the court also held that Chenelle Smith's independent right to use the property was forfeited. *Id.* at 1035. In reaching this conclusion, the court noted that Chenelle Smith had a forfeitable property interest inasmuch as she had an independent right to "possess, use, and occupy the premises both as a consequence of [her grandmother's] ownership and her residence." *Id.* In short, the court held that Chenelle Smith forfeited her legal right to use and remain in the apartment because she sold drugs from there. *Id.*

The instant case is easily distinguishable. Here, it is undisputed that the Robinson brothers never lived with their mother at 349 South 4th Avenue, Mount Vernon, New York 10550. Their only connection to the property is their mother's ownership and their occasional visits; that alone is insufficient to create in the Robinson brothers an independent, forfeitable right to use the property. The critical link in *Leasehold Interest in 121 Nostrand Ave.* that created the independent, forfeitable property right in Chenelle Smith was her residence.[8] That

---

**8.** After holding that Chenelle Smith forfeited her legal right to use and remain in the apartment, the court went on to say that "[i]t is not necessary to decide if Chenelle Smith is barred from the hospitality and protection of her grandmother, Clara Smith, who does have a right to remain in the apartment." *Leasehold Interest in 121 Nostrand Ave.*, 760 F.Supp. at 1035. In other words, Chenelle Smith's residence was the critical element that gave her an independent, forfeitable property right in the apartment; merely visiting the home of another

link does not exist here. Their mother's ownership and their occasional visits to the home confer on the Robinson brothers no legal right to use the property such that the property could be subject to forfeiture in this district as "property of the defendants" under § 881(j).

Moreover, the money the Robinson brothers gave their mother, without compensation, for 1990 and 1991 city taxes and one $700 mortgage payment on the property does not give them any "interest" in the property. Black's Law Dictionary's definition of the term "interest", which has been cited with approval by the Supreme Court, is " '[t]he most general term that can be employed to denote a right, claim, title, or legal share in something.' " *See Rusello v. United States*, 464 U.S. 16, 21, 104 S.Ct. 296, 299, 78 L.Ed.2d 17 (1983) (quoting Black's Law Dictionary 729 (5th ed. 1979)); *United States v. Reckmeyer*, 836 F.2d 200, 205 (4th Cir.1987). This definition, applied here, leads inescapably to the conclusion that the Robinson brothers received no right, claim, title, or legal share to the defendant property in exchange for the money they gave their mother. Rather, the money was simply a gift. *See Signacon Controls, Inc. v. Mulroy*, 69 Misc.2d 63, 329 N.Y.S.2d 175 (N.Y.Sup.Ct.) ("A gift by definition is a voluntary transfer of property without consideration or compensation.") (citations omitted), *aff'd*, 39 A.D.2d 1013, 335 N.Y.S.2d 256 (1972). No evidence suggests that Anthony and Cleveland Robinson loaned their mother the money such that they might have a claim to the property as a creditor. *See United States v. Reckmeyer*, 836 F.2d at 205–06 (unsecured creditor of person whose property is subject to forfeiture has a "legal interest" in the property and has standing to assert claims in a criminal forfeiture proceeding if the order of criminal forfeiture reaches the person's entire estate so that the creditor's interests necessarily lie within that estate). Thus, because this Court finds that the Robinson brothers gave their mother money for the subject property as a gift, they do not have any

"interest" in the property such that it is "property of the defendants" subject to forfeiture in this district under § 881(j).

In sum, this Court concludes that the Robinson brothers have no right, title, or interest in the New York property. Therefore, the home is not "property of the defendants" under § 881(j) and venue is not proper in this district. Venue is proper, however, in the Southern District of New York, where the property is located. *See* 28 U.S.C. § 1395. Accordingly, pursuant to 28 U.S.C. § 1406(a), the Court transfers this case to the Southern District of New York. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962). *See generally Porter v. Groat*, 840 F.2d 255, 257 (4th Cir.1988). There, the government may, if it chooses, proceed with this forfeiture action by establishing probable cause to believe (i) that a substantial connection exists between the property to be forfeited and an illegal exchange of a controlled substance, *see* § 881(a)(6); *United States v. United States Currency in the Amount of $228,536.00*, 895 F.2d 908, 916 (2d Cir.1990), or (ii) that the property was used to facilitate the commission of a Title 21 narcotics crime punishable by more than one year's imprisonment, *see* § 881(a)(7); *Leasehold Interest in 121 Nostrand Ave.*, 760 F.Supp. at 1029–30. If the government establishes probable cause, Ms. Robinson may avoid forfeiture of her property interest by proving by a preponderance of the evidence that the drug activities were conducted without her knowledge or consent. *See* § 881(a)(6), (7); *Leasehold Interest in 121 Nostrand Ave.*, 760 F.Supp. at 1032 (citing *141st Street Corp.*, 911 F.2d at 878)).

An appropriate Order has entered.

does not create in the visitor any right, title, or interest in the property.