70 F.3d 111
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
George CLAYTON, Plaintiff-Appellant,
v.
Alan MORIOKA; Linda Houston, Defendants-Appellees.
 No. 95-1073.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 27, 1995.
Decided Nov. 14, 1995.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. John R. Hargrove, Senior District Judge. (CA-94-709-HAR)
 D.Md.
 VACATED AND REMANDED.
 Judy Nicks, Lanham, Maryland; Anthony Fitzroy Reid, REID & REID, Alexandria, Virginia, for Appellant. Alan Morioka, Appellee Pro Se;
 David L. Hendricks, W. ALTON LEWIS & ASSOCIATES, Lanham, Maryland, for Appellees.
 Before MURNAGHAN, WILKINS, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 George Clayton filed a complaint on March 21, 1994, in the District of Maryland alleging negligence of the Defendants and pleading diversity jurisdiction. Defendant Houston moved to dismiss the complaint, alleging that the venue was improper under 28 U.S.C.A. Sec. 1391(a) (West 1993 & Supp.1995).[1] The district court dismissed the complaint. Clayton moved to vacate the dismissal order, conceding that venue was inappropriate but requesting that the district court transfer the action to an appropriate district court pursuant to 28 U.S.C. Sec. 1406(a) (1988) because the action was time-barred one day after the dismissal order was entered. The district court denied the motion, and Clayton timely noted an appeal of that order.[2] We vacate the order and remand the case for further consideration.
 
 
 2
 This court reviews denials of Sec. 1406(a) motions for abuse of discretion. Nichols v. G.D. Searle & Co., 991 F.2d 1195, 1201 (4th Cir.1993). Clayton alleges that the district court did so here by failing "adequately to take into account judicially recognized factors constraining its exercise [of discretion]." James v. Jacobson, 6 F.3d 233, 239 (4th Cir.1993). Courts recognize the "unfairness of barring a plaintiff's action solely because a prior timely action is dismissed for improper venue." Burnett v. New York Cent. R.R., 380 U.S. 424, 430 (1965); see also Porter v. Groat, 840 F.2d 255, 258 (4th Cir.1988). However, "a district court acts within its discretion when it finds that the interest of justice is not served by allowing a plaintiff whose attorney committed an obvious error in filing the plaintiff's action in the wrong court, and thereby imposed substantial unnecessary costs on both the defendant and the judicial system, simply to transfer his/her action to the proper court." Nichols, 991 F.2d at 1201.
 
 
 3
 The order below denying Clayton's motion to dismiss does not reveal whether the district court considered any of the principles governing transfer of timely-filed cases. Therefore, we cannot examine whether the court adequately considered the factors constraining its exercise of discretion. Cf. James, 6 F.3d at 239 (district court order apparently based on generalized feelings rather than particularized findings). Thus, we vacate the order and remand for further consideration of the motion to vacate the dismissal order. We express no opinion on that substantive determination. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 VACATED AND REMANDED
 
 
 [1]
 It is uncontested that this diversity action involved Defendants residing in California, where all the facts giving rise to the cause of action occurred
 
 
 [2]
 Although the motion to vacate the dismissal order did not expressly state so, it was one made pursuant to Fed.R.Civ.P. 60(b). See Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir.1978). Because Clayton only appealed that order, it is the only order properly before this court. Id. Clayton does not contend on appeal that the original dismissal order was erroneous