Edward JENKINS, Plaintiff,

v.

**ALBUQUERQUE LONESTAR FREIGHTLINER, LLC,**
Defendant.

**No. 4:06 CV 177 D.**

United States District Court,
E.D. North Carolina,
Eastern Division.

Dec. 1, 2006.

Kenneth M. Gondek, Law Offices of James Scott, Farrin, P. C., Marie D. Lang, Law Offices of James Scott, Farrin, P. C., Durham, NC, for Edward Jenkins, Plaintiff.

Reid Russell, Patterson, Dilthey, Clay, Bryson & Anderson, LLP, Tobias S. Hampson, Patterson, Dilthey, Clay, Bryson & Anderson, LLP, Robert C. deRosset, IV, Young, Moore & Henderson, Raleigh, NC, for Albuquerque Lonestar Freightliner, LLC, Freightliner, LLC, Defendants.

## ORDER

DEVER, District Judge.

Plaintiff Edward Jenkins (a resident of Wilson County, North Carolina) filed suit on July 10, 2006, in Wilson County Superior Court for personal injuries sustained in Indiana in July 2003. Jenkins contends that he was injured due to defendants' negligent repairs to his truck in New Mexico in July 2003. The defendants Albuquerque Lonestar Freightliner, LLC and Freightliner, LLC ("defendants") removed this action to this court.

After removal, plaintiff dismissed defendant Freightliner, LLC. The remaining defendant, Albuquerque Lonestar Freightliner, LLC ("defendant" or "Albuquerque Lonestar Freightliner"), then moved to dismiss the action for lack of personal jurisdiction and improper venue. In response, plaintiff moved to transfer the action to the United States District Court for the District of New Mexico. Defendant opposes the motion to transfer.

As explained below, plaintiff's motion to transfer is granted, and this action is transferred to the United States District Court for the District of New Mexico. In light of this order, defendant's motion to dismiss is denied as moot.

### I.

The defendants properly removed this action to this court based upon diversity jurisdiction. See 28 U.S.C. § 1441(b); 28 U.S.C. § 1332. After removal, plaintiff voluntarily dismissed defendant Freightliner, LLC. Defendant Albuquerque Lonestar Freightliner then moved to dismiss the action for lack of personal jurisdiction and improper venue. Albuquerque Lonestar Freightliner states that it does not do business in North Carolina and lacks sufficient contacts to North Carolina for purposes of personal jurisdiction and that venue is not proper under 28 U.S.C. § 1391.

At the time plaintiff filed suit in Wilson County, plaintiff believed that Albuquerque Lonestar Freightliner was a division and agent of Freightliner, LLC. See Compl. ¶¶ 5–6. According to plaintiff, Freightliner, LLC is a national company registered with the North Carolina Secretary of State to conduct business in North Carolina. See Pl. Resp. to Def. Mot. to Dismiss at 2–3. Thus, according to plaintiff, at the time he filed suit, plaintiff believed that both defendants had sufficient contacts with North Carolina to warrant personal jurisdiction pursuant to North Carolina's long arm statute.

After removal, plaintiff learned that Albuquerque Lonestar Freightliner did not have sufficient contacts with North Carolina to warrant personal jurisdiction. See Pl. Resp. to Def. Mot. to Dismiss at 3; Chase Aff. ¶ 2. Thus, plaintiff concedes that this court "does not have personal jurisdiction over Albuquerque Lonestar [Freightliner]." Pl. Resp. to Def. Mot. to Dismiss at 3. Plaintiff contends, however,

that the proper remedy is to transfer the action to the United States District Court for the District of New Mexico pursuant to 28 U.S.C. § 1404(a), 28 U.S.C. § 1406(a), or 28 U.S.C. § 1631. *See* Pl. Mot. to Transfer at 2. Albuquerque Lonestar Freightliner opposes transferring the action. *See* Def. Resp. to Pl. Mot. to Transfer at 2–6. Instead, Albuquerque Lonestar Freightliner contends that the action should be dismissed.

## II.

Albuquerque Lonestar Freightliner wants this action dismissed, rather than transferred, because if the action is dismissed, then the statute of limitations apparently will bar plaintiff's claim. If, however, the action is transferred, the statute of limitations will not bar this claim. *See Jiffy Lubricator Co. v. Stewart–Warner Corp.*, 177 F.2d 360, 362 (4th Cir.1949) ("An order transferring [an action] to another district does not end [the action] but preserves it as against the running of the statute of limitations and for all other purposes."). To resolve whether to transfer the action or dismiss it, the court initially must analyze whether venue is proper here and whether transfer is appropriate under 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a).

When an action is removed to federal court, the removal statute (28 U.S.C. § 1441), rather than general venue statute (28 U.S.C. § 1391), governs the issue of venue. *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665, 73 S.Ct. 900, 97 L.Ed. 1331 (1953). Plaintiff filed this action in Wilson County Superior Court. Wilson County is located within the Eastern District of North Carolina. *See* 28 U.S.C. § 113(a). Thus, when the action was properly removed to this court, venue was proper in this court. *See* 28 U.S.C. § 1441(a).

Defendant argues that transfer under 28 U.S.C § 1404(a) is not appropriate because plaintiff has failed to show that transfer is necessary for the convenience of the parties or witnesses or due to choice of law issues. *See* Def. Resp. at 2–4. As for transfer under 28 U.S.C. § 1406(a), defendant argues that because venue is proper in the Eastern District of North Carolina, transfer is not proper under section 1406(a). *See* Def. Resp. at 4.

■ The court concludes that transfer is appropriate under both section 1404(a) and section 1406(a). As for section 1404(a), the question of transfer under section 1404(a) is committed to the sound discretion of the district court. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988); *Brock v. Entre Computer Ctrs., Inc.*, 933 F.2d 1253, 1257 (4th Cir.1991). In exercising its discretion, the court finds that the alleged *negligent acts occurred in New Mexico;* therefore, any witnesses to the repair and documents related to the repair are in New Mexico. Defendant also is a New Mexico citizen and its principal place of business is in New Mexico. *See* Chase Aff. Thus, litigation in New Mexico will be much more convenient for defendant. Although plaintiff will have to travel to New Mexico, plaintiff (as the party requesting a transfer) obviously is willing to travel there for purposes of this case. Moreover, given that the accident happened in Indiana, if testimony is needed from any witness in Indiana, such testimony may be obtained by deposition. The same holds true if plaintiff needs to obtain testimony from any treating physicians in North Carolina. As for choice of law, the parties apparently agree that the substantive law of Indiana will govern this negligence action. *See Boudreau v. Baughman*, 322 N.C. 331, 368 S.E.2d 849, 854 (1988) (North Carolina applies lex loci delicti

choice of law rule in negligence cases); *Torres v. State*, 119 N.M. 609, 894 P.2d 386, 390 (1995) (generally, New Mexico applies lex loci delicti choice of law rule in negligence cases); *Zamora v. Smalley*, 68 N.M. 45, 358 P.2d 362, 363 (1961).[1] Assuming that Indiana law applies, this court is confident that the United States District Court for the District of New Mexico will be able to apply Indiana law to this straightforward negligence action. *See, e.g., Schwartz v. R.H. Macy's, Inc.*, 791 F.Supp. 94, 95 (S.D.N.Y.1992) (analyzing section 1404(a) and noting that issues associated with the convenience of parties and witnesses are more significant than issues of applying another jurisdiction's laws, particularly where the legal issues are not complex). Moreover, the "interest of justice" warrants a transfer to the District of New Mexico given that plaintiff recently learned that he cannot obtain personal jurisdiction over the defendant in the Eastern District of North Carolina. *See, e.g., Atkins v. Schmutz Mfg.*, 435 F.2d 527, 534 n. 35 (4th Cir.1970) (en banc); *Ulman v. Boulevard Enters., Inc.*, 638 F.Supp. 813, 815–16 (D.Md.1986). Finally, the court has reviewed the cases cited in the defendant's response and finds them to be factually distinguishable. *Cf.* Def. Resp. at 2–3.

▮ As for section 1406(a), the Fourth Circuit has held that transfers can be made under section 1406(a) even if venue (as here) is proper in the transferor court. *See Porter v. Groat*, 840 F.2d 255, 257 (4th Cir.1988); *accord Corke v. Sameiet M.S. Song of Norway*, 572 F.2d 77, 78–81 (2d Cir.1978); *cf. Carteret Savings Bank, FA v. Shushan*, 919 F.2d 225, 231 (3d Cir. 1990) (noting that certain courts permit such transfers under section 1406(a), but that other courts have declined to address whether such transfers are only appropriate under section 1404(a) instead of section 1406(a)). In *Porter*, the Fourth Circuit analyzed *Goldlawr v. Heiman*, 369 U.S. 463, 466–67, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962), and stated that "*Goldlawr* has become the basis for interpreting § 1406(a) to afford broad remedial relief." *Porter*, 840 F.2d at 257. The Fourth Circuit then adopted "as the rule in this circuit the reading of § 1406(a) that authorizes the transfer of a case to any district, which would have had venue if the case were originally brought there, for any reason which constitutes an impediment to a decision on the merits in the transferor district but would not be an impediment in the transferee district." *Id.* at 258. Thus, in *Porter*, the Fourth Circuit interpreted section 1406(a) to authorize the transfer of a case to "the Eastern District of North Carolina when the statute of limitations would bar adjudication on the merits in the Eastern District of Virginia but not in the Eastern District of North Carolina." *Id.*

Applying *Porter* to this case, the court finds that if the plaintiff had originally brought the case in the District of New Mexico, venue would have been proper under 28 U.S.C. § 1391. Moreover, the absence of personal jurisdiction over the defendant in the Eastern District of North Carolina, but not in the District of New Mexico, is an "impediment to a decision on the merits" under *Porter. See Porter*, 840 F.2d at 258 (collecting cases); *accord In re Carefirst of Md., Inc.*, 305 F.3d 253, 255–56 (4th Cir.2002); *Regent Lighting Corp. v. American Lighting Concept*, 25 F.Supp.2d 705, 713 (M.D.N.C.1997); *Robinson v. Carroll*, 318 F.Supp. 527, 528–29 (M.D.N.C. 1970). Accordingly, transfer also is appropriate under section 1406(a). In light of

---

1. This court does not resolve the choice of law issue. The transferee court will ultimately determine whether Indiana law applies. *See Ferens v. John Deere Co.*, 494 U.S. 516, 523, 110 S.Ct. 1274, 108 L.Ed.2d 443 (1990); *Myelle v. Am. Cyanamid Co.*, 57 F.3d 411, 413 (4th Cir.1995).

this conclusion, the court need not address the parties' arguments concerning 28 U.S.C. § 1631.

## III.

For the reasons stated herein, the plaintiff's motion to transfer is GRANTED and this action is transferred to the United States District Court for the District of New Mexico. Defendant's motion to dismiss for lack of personal jurisdiction and improper venue is DENIED as moot.