**P.M. ENTERPRISES, Plaintiff,**

v.

**COLOR WORKS, INC.,
et al., Defendants.**

**Civil Action No. 2:96–0540.**

United States District Court,
S.D. West Virginia,
Charleston Division.

Nov. 13, 1996.

James M. Sturgeon, Jr. and Thomas H. Vanderford, IV, Pauley, Curry, Sturgeon & Vanderford, Charleston, WV, for plaintiff.

Christopher P. Bastien, Bastien & Gerwig, Charleston, WV, for defendants.

## *MEMORANDUM OPINION AND ORDER*

HADEN, Chief Judge.

Pending are Defendants' motions to dismiss for improper venue and, in the alternative, for transfer of venue to the United States District Court for the Northern District of Alabama. After careful consideration, the Court **DENIES** Defendants' motion to dismiss and **GRANTS** Defendants' motion for transfer of venue.

### I. FACTUAL BACKGROUND

Plaintiff P.M. Enterprises, a West Virginia corporation operating near Charleston, received an order from Montgomery Ward on April 21, 1995 for the manufacture and delivery of a quantity of sweatshirts. On April 24, 1995, representatives of Defendant Tennessee River, Inc. ("Tennessee River") and Defendant Color Works, Inc. ("Color Works"), both Alabama corporations, traveled to West Virginia to solicit from P.M. Enterprises the subcontract to manufacture the sweatshirts.

On May 2, 1995, P.M. Enterprises faxed Tennessee River sales representative George Tutino purchase order 24136 for nearly 119,000 sweatshirts. On May 4, 1995, P.M. Enterprises' vice president Michael Hughes received a fax transmission of purchase order CW–2837 from Tennessee River's Denise Higdon. Hughes signed the order and returned it to Tennessee River. According to Plaintiff, purchase order CW–2837 consisted of a single sheet of paper and did not contain a forum-selection clause. Manker aff. para. 7. Defendants do not appear to contest this assertion.

P.M. Enterprises acknowledges, however, that it signed three additional purchase orders, denominated CW–482, CW–483, and CW–2837, thereby confirming the orders. Manker aff. para. 7. The reverse of these documents contains the following language:

> Buyer agrees that it has sufficient contacts with the State of Alabama in connection with the purchase order to give Alabama Courts jurisdiction over buyer. Buyer agrees that the negotiation and acceptance of this Purchase Order have taken place in the State of Alabama and that by entering this Purchase Order, Buyer hereby consents to the jurisdiction of any Federal or State Courts located in the State of Alabama, for all actions arising out of the Purchase Order and designates the County of Lauderdale[,] [Alabama,] as the proper venue for any such action.

Parties' stipulation exh. A and B.

According to Plaintiff, the sweatshirts were defective and not merchantable when delivered. Plaintiff then brought this action on May 3, 1996 in the Circuit Court of Kanawha County, West Virginia, seeking a declaratory judgment concerning the parties' contract rights and damages for breach of seller's implied warranty of merchantability. On June 3, 1996, Defendants removed to this Court pursuant to 28 U.S.C. § 1441(a) on grounds of this Court's diversity jurisdiction, 28 U.S.C. § 1332(a).[1]

---

1. On June 4, 1996, Tennessee River, Inc., a Defendant in the case at bar, filed suit in the United States District Court for the Northern District of Alabama against P.M. Enterprises, the Plaintiff

## II. LAW

Defendants assert two alternative grounds in support of the motion to dismiss for improper venue pursuant to 28 U.S.C. § 1406(a). First, Defendants argue this action does not meet the statutory venue requirements under 28 U.S.C. § 1391(a). Second, they claim a forum-selection clause contained in the parties' contract requires litigation of this dispute in Alabama. In the alternative, Defendants move for transfer of venue, 28 U.S.C. § 1404(a), to the United States District Court for the Northern District of Alabama. The Court addresses each motion below.

### A. *Improper venue under 28 U.S.C. § 1391*

Defendants argue this action does not meet the statutory requirements for venue in this district because Defendants are incorporated in Alabama and have their principal place of business in that state. Apparently, Defendants have confused the residency requirements under the federal diversity jurisdiction statute, 28 U.S.C. § 1332,[2] with the residency requirements of the federal venue statute, 28 U.S.C. § 1391. The venue statute provides, in pertinent part, "a civil action wherein jurisdiction is founded only on diversity of citizenship may . . . be brought only in . . . a judicial district where any defendant resides, if all defendants reside in the same state. . . ." 28 U.S.C. § 1391(a). Under § 1391(c), for purposes of establishing proper venue, a corporate defendant "reside[s] in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. . . ." Therefore, our venue inquiry must focus on whether Defendants are subject to personal jurisdiction in this district.

█ Determining the propriety of personal jurisdiction is a two step process. First, we inquire whether the applicable long-arm statute, *W.Va.Code* § 56-3-33, authorizes the exercise of jurisdiction in these circumstances. Second, we determine if the exer-

cise of jurisdiction in those circumstances comports with constitutional notions of due process. *Bashaw v. Belz Hotel Mgmt.*, 872 F.Supp. 323, 326 (S.D.W.Va.1995) (Haden, C.J.) (citing *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1199 (4th Cir.1993) (additional citations omitted).

█ Since West Virginia's long-arm statute extends to the limits of due process, *Bashaw*, 872 F.Supp. at 325 (citing *Pittsburgh Terminal Corp. v. Mid Allegheny Corp.*, 831 F.2d 522, 525 (4th Cir.1987)), our analysis "proceeds directly to determine whether it is constitutionally permissible to require Defendants to defend this suit in this Court," *Bashaw*, 872 F.Supp. at 325 (citing *Clark v. Milam*, 830 F.Supp. 316, 319 n. 3 (S.D.W.Va.1993)).

█ Our Court of Appeals states the test for determining the constitutional reach of personal jurisdiction as whether:

(1) the defendant has created a substantial connection to the forum state by actions purposefully directed toward the forum state or otherwise invoking the benefits and protections of the laws of the state; and (2) the exercise of jurisdiction based on those minimum contacts would not offend traditional notions of fair play and substantial justice, taking into account such factors as (a) the burden on the defendant, (b) the interests of the forum state, (c) the plaintiff's interest in obtaining relief, (d) the efficient resolution of controversies as between states, and (e) the shared interests of the several states in furthering fundamental substantive social policies.

*Lesnick v. Hollingsworth & Vose Co.*, 35 F.3d 939, 945–46 (4th Cir.1994) (additional citations omitted).

█ Applying this test to the facts presented here, the Court concludes that it may exercise personal jurisdiction over Defendants. Plaintiff offers uncontroverted evidence that representatives of both Defen-

---

here. In the Alabama action, Tennessee River seeks damages for breach of contract.

**2.** 28 U.S.C. § 1332(c)(1) provides that for purposes of determining diversity of citizenship, a

corporation is "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. . . ."

dants traveled to West Virginia in April 1995 to solicit the subcontract from Plaintiff to manufacture the sweatshirts for Montgomery Ward. Manker aff. para. 6. Among these representatives was George Tutino, whom Plaintiff identifies as "a sales representative of [Tennessee River] who regularly calls on [P.M. Enterprises] in West Virginia." *Id.* Defendants later obtained the subcontract, which obligated them to manufacture the sweatshirts and deliver them to Plaintiff in West Virginia. Because these contacts suffice to establish personal jurisdiction over Defendants in this district,[3] this action meets the statutory requirements for venue here.

**B.** *Improper venue based on the contract forum-selection clause*

 Defendants further argue for dismissal pursuant to 28 U.S.C. § 1406(a) on the grounds that a contract forum-selection clause renders venue improper in this district.[4] Section 1406 dismissal, however, is not the correct procedural vehicle for enforcing a forum-selection clause. As the United States Supreme Court has implied, and as other courts who have confronted the issue have held, the propriety of venue rests upon whether an action satisfies the federal venue statute, 28 U.S.C. § 1391, not upon the provisions of the litigants' private contractual agreements. *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 28 n. 9, 108 S.Ct. 2239, 2244 n. 9, 101 L.Ed.2d 22 (1988); *Southern Distrib. Co., Inc. v. E. & J. Gallo Winery,* 718 F.Supp. 1264, 1267 (W.D.N.C.1989); *Haskel v. FPR Registry,* 862 F.Supp. 909, 916 (E.D.N.Y.1994). Because dismissal is not the appropriate means of enforcing the contract forum-selection clause in this case does not mean, however, it is not proper in others. For example, where a forum-selec-

tion clause requires litigation of disputes in a foreign court, *see Allen v. Lloyd's of London,* 94 F.3d 923 (4th Cir.1996), *Manetti–Farrow, Inc. v. Gucci Am.,* 858 F.2d 509 (9th Cir. 1988), or a state court, *see International Software Systems, Inc. v. Amplicon, Inc.,* 77 F.3d 112 (5th Cir.1996), *Jones v. Weibrecht,* 901 F.2d 17 (2d Cir.1990), § 1406 dismissal is warranted because federal courts lack statutory power to transfer actions to those forums.

As stated in Part II.A. above, this action meets the requirements of the federal venue statute, 28 U.S.C. § 1391. Accordingly, the Court denies Defendants' motion to dismiss for improper venue.

**C.** *Transfer of venue*

Defendants also raise the transfer of venue statute, 28 U.S.C. § 1404(a), in urging the Court to transfer this action to the Northern District of Alabama.

 A district court may transfer, for the convenience of the parties and witnesses, any civil action to any other district or division where it might have been brought. *AFA Enters., Inc. v. American States Ins. Co.,* 842 F.Supp. 902, 908 (S.D.W.Va.1994) (Haden, C.J.) (citing 28 U.S.C. § 1404(a); *Alpha Welding & Fabricating, Inc. v. Todd Heller, Inc.,* 837 F.Supp. 172, 175 (S.D.W.Va.1993) (Haden, C.J.)). Decisions to transfer an action to another district court are committed to the transferring court's sound discretion. *AFA Enters.,* 842 F.Supp. at 908, citing *Stewart,* 487 U.S. at 29, 108 S.Ct. at 2243–44; *Brock v. Entre Computer Ctrs., Inc.,* 933 F.2d 1253, 1257 (4th Cir.1991); *Alpha Welding,* 837 F.Supp. at 175.

Additionally, this Court has recognized:

**3.** *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 478–79, 105 S.Ct. 2174, 2185–86, 85 L.Ed.2d 528 (1985) (although single contract with out-of-state party is insufficient to establish personal jurisdiction, numerous accompanying connections will suffice; *English & Smith v. Metzger,* 901 F.2d 36 (4th Cir.1990) (sufficient contacts found where California defendant "transacted business" in Virginia by contacting Virginia plaintiff and by making several phone calls and mailings into the state); *Prince v. Illien Adoptions Int'l Ltd.,* 806 F.Supp. 1225 (D.Md.1992) (principal contact was single con-

tract executed in Maryland after solicitation by defendants in Maryland and telephone and mail negotiations by defendants with plaintiffs in Maryland).

**4.** 28 U.S.C. § 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Motions for transfer of venue are to be adjudicated according to an "individualized, case-by-case consideration of convenience and fairness." *Stewart* [ ], 487 U.S. at 29, 108 S.Ct. at 2244; *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S.Ct. 805, 812, 11 L.Ed.2d 945 (1964). To resolve a motion to transfer venue, a district court must "weigh in the balance a number of case-specific factors." *Stewart* [ ], 487 U.S. at 29, 108 S.Ct. at 2244. Factors commonly considered in ruling on a transfer motion include: (1) ease of access to sources of proof; (2) the convenience of parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the possibility of a view; (6) the interest in having local controversies decided at home; and (7) the interests of justice. *Alpha Welding*, 837 F.Supp. at 175 (citing *Verosol B.V. v. Hunter Douglas, Inc.*, 806 F.Supp. 582, 592 (E.D.Va.1992); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947)). *AFA Enters.*, 842 F.Supp. at 909.

■ Factors one through five are the relevant factors in this case. Regarding factor one, the allegedly defective sweatshirts are located in West Virginia; Plaintiff estimates transporting the sweatshirts to Alabama would cost between $300 and $1200, plus storage costs. Although the Court is not certain litigation of the dispute in Alabama would require transporting all of the sweatshirts to that state, factor one slightly favors Plaintiff. The second and third factors favor neither party, since, irrespective of where the parties try the case, "one side or the other will be burdened with bringing themselves and their witnesses from far away." *Brock*, 933 F.2d at 1258. Numerous potential witnesses for each side reside in either Alabama or West Virginia, and many others live outside of those states, since Plaintiff shipped the sweatshirts to retailers in 39 states. Factor five favors neither party since neither states a view would aid the trier of fact.

■ One additional factor, however, carries the day for Defendants: the contract forum-selection clause requiring litigation of disputes in Alabama. *Stewart* instructs that, in considering a motion for transfer of venue, "[t]he presence of a forum-selection clause ... will be a significant factor that figures centrally in the district court's calculus." 487 U.S. at 29, 108 S.Ct. at 2244. The Court is aware of *Stewart*'s caution that a forum-selection clause should not receive "dispositive consideration" in the transfer analysis. *Id.* at 31, 108 S.Ct. at 2244–45. Under these facts, however, the clause tips the scales in favor of transfer since none of the § 1404(a) factors discussed above weighs strongly in favor of either side.

Plaintiff argues that, because the forum-selection clause does not use the term "exclusive" in selecting venue in Alabama, the clause is permissive and does not limit litigation of this dispute to Alabama. The Court finds no merit to this claim. While it is proper to scrutinize contract forum-selection provisions to determine if they in fact require litigation of disputes in a particular venue, *see, e.g., Guy F. Atkinson Constr. v. Ohio Mun. Elec. Generation Agency Joint Venture 5*, Civil Action No. 6:96–0623 (S.D.W.Va. Oct. 31, 1996), a cursory reading of the contract language at issue reveals that it conclusively selects Lauderdale County, Alabama, as "*the* proper venue" for resolution of contract disputes. Use of the definite article "the" signifies venue is proper nowhere else; any other interpretation of the provision would render it meaningless.[5] *See Sterling*

---

**5.** Admittedly, the Color Works contract clause does not mirror the language contained in several contracts our Court of Appeals has construed as mandatory. *See, e.g., Allen*, 94 F.3d at 928 ("Any dispute ... of whatsoever nature ... be submitted to the exclusive jurisdiction of the British Courts...."); *Brock*, 933 F.2d at 1255 (4th Cir.1991) ("The parties agree that any action ... shall be brought within the Commonwealth of Virginia...."); *Sterling Forest*, 840 F.2d at 251 ("[T]he parties agree that in any dispute jurisdiction and venue shall be in California."); *Bryant Elec. Co., Inc. v. City of Fredericksburg*, 762 F.2d 1192, 1196 (4th Cir.1985) ("All claims, disputes and other matters ... shall be decided by the Circuit Court of the City of Fredericksburg...."); *Mercury Coal & Coke, Inc. v. Mannesmann Pipe & Steel Corp.*, 696 F.2d 315, 316 (4th Cir.1982) ("Any controversy or claim arising out of ... this Purchase Order ... shall be submitted to the Supreme Court of the State of New York...."). The Court notes, however, that these contracts employ passive verbs; the Color

*Forest Assocs., Ltd. v. Barnett–Range Corp.,* 840 F.2d 249, 251 (4th Cir.1988) (stating the "well established principle of contract construction that clauses which . . . are knowingly incorporated into a contract should not be treated as meaningless. . . .").

■ All of this depends on a finding that the contract forum-selection clause is valid and enforceable. While forum selection clauses are presumptively enforceable, *The Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), the presumption

> is not absolute, and, therefore, may be overcome by a clear showing that they are " 'unreasonable' under the circumstances." *The Bremen,* 407 U.S. at 10, 92 S.Ct. at 1913[.] Choice of forum . . . provisions may be found unreasonable if (1) their formation was induced by fraud or overreaching; (2) the complaining party "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) their enforcement would contravene a strong public policy of the forum state.

*Allen,* 94 F.3d at 925 (citing *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 595, 111 S.Ct. 1522, 1528, 113 L.Ed.2d 622 (1991); *The Bremen,* 407 U.S. at 12–13, 92 S.Ct. at 1914–1915).

■ The Court finds enforcement of the forum-selection clause proper under *The Bremen.* Plaintiff, by its vice president, Michael Hughes, signed and returned to Defendants three purchase orders containing the forum-selection language. Plaintiff's claim that the contract forum-selection clause is not part of the contract because it was "not discussed between the parties and [was] never a part of the bargain between the parties" is unpersuasive. "[F]orum selection clauses are prima facie valid and should be enforced when made in arms-length transactions by sophis-

ticated businessmen, absent some compelling and countervailing reason." *Sterling Forest,* 840 F.2d at 251 (4th Cir.1988) (citing *The Bremen,* 407 U.S. at 9–12, 92 S.Ct. at 1912–1914). The Court has found no countervailing reason and will enforce the forum-selection clause by transferring this action to the Northern District of Alabama.

## III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' motion to dismiss for improper venue and **GRANTS** Defendants' motion for transfer of venue.

Works contract, which "designates" a forum in Alabama, relies on the active verbs advocated by leading authorities on writing. *See* William Strunk, Jr., and E.B. White, *The Elements of Style* 18–19, (3rd Ed.1979); Bryan A. Garner, *The Elements of Legal Style* 41–43 (1991). This Court will not penalize Defendants for avoiding the poor stylistic practices common to so many contracts.