**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-1774**
_____

WW, LLC, A Maryland Limited Liability Corporation trading
as The Coffee Beanery Cafe; DEBORAH WILLIAMS; RICHARD
WELSHANS,

                Plaintiffs - Appellants,

     v.

THE COFFEE BEANERY LTD; JOANNE SHAW; JULIUS L. SHAW; KEVIN
SHAW; KURT SHAW; KEN COXEN; WALTER PILON; OWEN STERN,

                Defendants - Appellees.

_____

Appeal from the United States District Court for the District of
Maryland, at Baltimore. Andre M. Davis, District Judge. (1:05-
cv-03360-AMD)

_____

Argued: December 9, 2010          Decided: March 23, 2011

_____

Before NIEMEYER, DUNCAN, and KEENAN, Circuit Judges.

_____

Reversed and remanded by unpublished opinion. Judge Niemeyer
wrote the opinion, in which Judge Duncan and Judge Keenan
joined.

_____

**ARGUED**: Harry Martin Rifkin, Lutherville, Maryland, for
Appellants. Karl V. Fink, PEAR SPERLING EGGAN & DANIELS, PC,
Ann Arbor, Michigan, for Appellees. **ON BRIEF**: Joshua R. Fink,
PEAR SPERLING EGGAN & DANIELS, PC, Ann Arbor, Michigan, for
Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

NIEMEYER, Circuit Judge:

WW, LLC, a Maryland limited liability company, Richard Welshans, and Deborah Williams commenced this action against The Coffee Beanery, Ltd., a Michigan corporation, and individual officers of The Coffee Beanery, alleging that the defendants made material misrepresentations that induced the plaintiffs to enter into a franchise agreement with The Coffee Beanery. The district court stayed this action to allow the parties to proceed to arbitration in the Eastern District of Michigan, as required by the franchise agreement. After arbitration, the district court in the Eastern District of Michigan entered judgment on the arbitration award in favor of The Coffee Beanery and its officers. The district court in this case then dismissed this action "in accordance with the [Eastern District of Michigan] judgment."

Subsequently, the Sixth Circuit reversed the judgment of the Eastern District of Michigan and vacated the franchise agreement, including its arbitration clause, prompting the plaintiffs here to file a motion to reopen this action under Federal Rule of Civil Procedure 60(b)(5) (authorizing a court to reopen a judgment that is based on an earlier judgment that has been reversed or vacated). The district court declined to reopen this action, and the plaintiffs filed this appeal.

3

For the reasons that follow, we reverse and remand for further proceedings in the district court.

I

The Coffee Beanery franchises specialty retail coffee stores, cafes, kiosks, coffee carts, and coffee bars, and it is registered in Maryland, allowing it to offer and sell franchises in Maryland. In May 2003, Richard Welshans and Deborah Williams, a married couple, investigated the possibility of purchasing a franchise to operate a Coffee Beanery store in Annapolis, Maryland, and, pursuant to their inquiry, The Coffee Beanery mailed them a copy of the Uniform Franchise Offering Circular for the State of Maryland, together with a form franchise agreement, which Welshans and Williams received in early June 2003. About a week later, Kevin Shaw, the vice-president of The Coffee Beanery, visited Welshans and Williams in Annapolis to discuss more particularly the possibility of entering into a franchise agreement. Several days later, Welshans and Williams attended a Coffee Beanery "discovery day" in Flushing, Michigan, during which they were given a tour of a Coffee Beanery Cafe store and engaged in further discussions about entering into a franchise. At the conclusion of "discovery day," Welshans signed a franchise agreement with The Coffee Beanery for the operation of a franchised Coffee Beanery

4

Cafe store in Annapolis. Subsequently, with The Coffee Beanery's consent, Welshans assigned the franchise agreement to WW, LLC, a Maryland limited liability company owned by Welshans and Williams. WW, LLC, opened its Coffee Beanery Cafe store in 2004.

The store was unsuccessful and generated a cash loss each year of its operation. WW, LLC, attributed the losses to store layout, the cash register system, the advertising program, and the nature of required equipment. More importantly, they claim that material facts about Coffee Beanery Cafe store franchises were misrepresented or omitted during the negotiation process.

WW, LLC, Welshans, and Williams commenced this action in December 2005, alleging violations of the Maryland Franchise Law, detrimental reliance, intentional misrepresentation, and negligent misrepresentation. They complained, among other things, that the Uniform Franchise Offering Circular provided by The Coffee Beanery was incomplete and inaccurate, in violation of Maryland law. They alleged that the franchise agreement contained untrue statements of fact, and that Kevin Shaw (a Coffee Beanery officer) and The Coffee Beanery made false statements regarding the operation and earnings of franchised stores and other matters. WW, LLC, also filed a complaint with the Maryland Securities Commissioner.

The Coffee Beanery and the other individual defendants filed a motion to dismiss this action or to stay it pending arbitration. Around the same time, they filed a petition to compel arbitration in the Eastern District of Michigan, relying on the franchise agreement's arbitration clause and its forum selection clause, which provided that any legal action be brought in the Eastern District of Michigan.

In response to The Coffee Beanery's motion to stay pending arbitration and WW, LLC's motion to stay pending investigation by the Maryland Securities Commissioner, the district court entered an order, dated March 23, 2006, staying this action "pending further order of this court."

In the agency action, the Maryland Securities Commissioner entered an order directing The Coffee Beanery and its officers to show cause "why a final order should not be entered ordering that Respondents cease and desist from violating the disclosure and antifraud provisions of the Maryland Franchise Law." Following an agency investigation, the Commissioner and The Coffee Beanery entered into a consent order, in which The Coffee Beanery neither admitted nor denied the Commissioner's statement of facts and conclusions of law but agreed to the agency's jurisdiction and its order. The Commissioner found that The Coffee Beanery violated the Maryland Franchise Law by making material misrepresentations of fact or omissions of material

6

fact about The Coffee Beanery franchise and by offering and selling franchises in Maryland without giving prospective franchisees a copy of the required offering prospectus, in accordance with Maryland law. The consent order directed that The Coffee Beanery and its officers "permanently cease and desist from offering and selling franchises in Maryland or to any prospective Maryland franchisees in violation of the Maryland Franchise Law." The consent order also required The Coffee Beanery "to make a rescission offer to the Welshans, by and through WW, LLC" allowing them to rescind the franchise agreement on the condition that they release all claims against The Coffee Beanery and its agents. Finally, the consent order provided that it was "a disclosable order as described under . . . the Maryland Franchise Law." WW, LLC, Welshans, and Williams did not accept the rescission offer provided for in the consent order, electing to pursue their claims against The Coffee Beanery, as asserted in this action.

After the Coffee Beanery filed the petition to compel arbitration in the Eastern District of Michigan, that court granted the petition, and the arbitrator subsequently found in favor of The Coffee Beanery. The arbitrator found "no intent on the part of Respondents to mislead Claimants or misrepresent the franchise system." She determined that The Coffee Beanery had provided WW, LLC, with "adequate, proper and timely disclosure

7

. . . under Michigan and Maryland franchise laws, excellent training, competent assistance with store location, competent lay-out of the store and business start-up resources, comprehensive operations, training and equipment manuals, excellent coffee and related products, available trouble-shooting resources, and available financial assistance." The arbitrator determined that WW, LLC's lack of success was not caused by The Coffee Beanery. She determined that The Coffee Beanery properly provided Welshans with a copy of the Uniform Franchise Offering Circular, and that WW, LLC, had not proved the elements necessary to recover for claims based on nondisclosure of gift cards, the DMX music system, and Pepsi contract requirements. She found that Welshans did not "rely on any sales or expense information provided by Respondents." And with respect to WW, LLC's claim that Kevin Shaw failed to disclose a felony grand larceny conviction, the arbitrator concluded that it was not the kind of conviction subject to disclosure because Michigan and Maryland disclosure laws are limited to "felonies that involve fraud, embezzlement, fraudulent conversion, or misappropriation of property." In addition, the arbitrator found "the testimony of witnesses Welshans, Williams, and their expert witness Lombardo with regard to the claim for damages, not credible." Ultimately, the arbitrator concluded that The Coffee Beanery was not liable on

8

any claim and that WW, LLC, Welshans, and Williams should pay costs and back royalties to The Coffee Beanery.

The district court for the Eastern District of Michigan confirmed the arbitration award and entered a judgment ordering WW, LLC, Welshans, and Williams to pay The Coffee Beanery $152,766.73.

Based on the judgment entered in the Eastern District of Michigan, the district court in this case entered an order on March 3, 2008, dismissing this action "[i]n accordance with the judgment . . . of the United States District Court for the Eastern District of Michigan."

The judgment entered in the Eastern District of Michigan was appealed to the Sixth Circuit, and on November 14, 2008, the Sixth Circuit reversed the judgment, vacated the arbitration award, and held that the arbitration agreement was unenforceable because of fraud in the inducement. Without reaching WW, LLC's other arguments, the Sixth Circuit held that the arbitrator's decision that Kevin Shaw's grand larceny conviction need not have been disclosed showed a "manifest disregard for the law" because a grand larceny conviction involves misappropriation of property. The Sixth Circuit held that WW, LLC, was not bound by the arbitration clause because The Coffee Beanery's failure to disclose Kevin Shaw's conviction deprived WW, LLC, "of a mandatory, statutorily required notice" prior to signing the

9

agreement and therefore, WW, LLC, was "fraudulently induced into signing" the franchise agreement. Finally, the court stated that WW, LLC, "need not resort to arbitration to vindicate its statutory rights but may instead seek appropriate relief in a court of law."

In light of the Sixth Circuit's decision reversing the Eastern District of Michigan judgment, on which the district court in this case relied to close this case, WW, LLC, requested that the district court reopen the judgment based on Federal Rule of Civil Procedure 60(b)(5). By order dated June 1, 2009, the district court denied the motion, stating:

> [T]he mere fact that the Sixth Circuit vacated the district court judgment enforcing the arbitration award resulting from the arbitral proceedings over which that court had jurisdiction is no reason for this court to vacate its judgment here. In dismissing the case, this court presumed that plaintiffs would pursue whatever alternative remedies they wished to pursue in the court having jurisdiction over the parties and their dispute, namely, the Eastern District of Michigan.

While the district court relied on the general language of Rule 60(b), which provides that a court may set aside a judgment on the basis of "mistake, inadvertence, surprise, or excusable neglect . . . or . . . any other reason justifying relief from the operation of the judgment," it did not address Rule 60(b)(5), which allows relief from a final judgment if "it is based on an earlier judgment that has been reversed or vacated."

10

From the district court's order denying their motion to reopen, WW, LLC, Welshans, and Williams filed this appeal.

II

We review the district court's denial of a Rule 60(b) motion for abuse of discretion. See MLC Automotive, LLC v. Town of Southern Pines, 532 F.3d 269, 277 (4th Cir. 2008). "A district court abuses its discretion when it . . . fails to consider judicially recognized factors constraining its exercise of discretion . . . or commits an error of law." Bay Country Consumer Finance, Inc. v. Fidelity Sec. Life Ins. Co., 311 Fed. App'x 580, 581 (4th Cir. 2008) (per curiam).

In this case, the district court dismissed the plaintiffs' action, based on the Eastern District of Michigan judgment, which upheld and enforced the arbitration award in favor of The Coffee Beanery. When, however, the Sixth Circuit reversed the judgment of the Eastern District of Michigan, the conditions for application of Rule 60(b)(5) were met. That Rule provides, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment . . . [if] the judgment . . . is based on an earlier judgment that has been reversed or vacated." Because the district court failed to apply Rule 60(b)(5), we conclude that it abused its discretion in failing to consider judicially recognized factors

11

constraining its exercise of discretion and in committing an error of law.

Moreover, the existence of a forum selection clause as contained in the franchise agreement -- even if we were to assume that it survived the vacated franchise agreement -- would not dictate a different result. That clause would not strip the district court of jurisdiction, and it would not even mean that venue was automatically improper. See 28 U.S.C. § 1404(a); P.M. Enterprises v. Color Works, Inc., 946 F. Supp. 435, 440 (S.D.W. Va. 1996); see also Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 28 (1988).

The Coffee Beanery argues that WW, LLC's appeal should be barred because WW, LLC, did not appeal the district court's original dismissal order of March 3, 2008, which was based on the Eastern District of Michigan judgment. At the time of the original dismissal order, however, the Eastern District of Michigan judgment enforcing the arbitration award was still operative, and therefore, there existed no viable basis for appealing the district court's dismissal of this case.

The Coffee Beanery also argues that WW, LLC's motion to set aside the judgment and reopen this case was untimely. We reject this argument, too, as WW, LLC, filed its motion soon after the Sixth Circuit's mandate became final, which was the basis for its motion to reopen this case.

12

Accordingly, we reverse the district court's order denying the plaintiffs' Rule 60(b)(5) motion and remand for further proceedings.

<u>REVERSED AND REMANDED</u>